```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

NITA JO ADAMSON,                  )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-23-012-JAR
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
            Defendant.            )
```

## OPINION AND ORDER

Plaintiff Nita Jo Adamson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 61 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a payroll clerk. Claimant alleges an inability to work beginning January 25, 2021 due to limitations resulting from

degenerative disc disease, hypertension, coronary artery disease, left knee osteoarthritis, left hip degenerative joint disease, obesity, hyperlipidemia, migraine headaches, and bursitis.

### Procedural History

On February 24, 2021, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 5, 2022, Administrative Law Judge ("ALJ") Thomas John Wheeler conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic. On July 22, 2022, the ALJ issued an unfavorable decision. On November 14, 2022, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that, while Claimant suffered from severe impairments, she retained the residual functional capacity (RFC") to perform her past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ erred in (1) failing to properly evaluate the medical opinion evidence; and (2) failing to provide the duration for the sit/stand limitations in providing for the sit/stand option in the RFC.

**Evaluation of Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, hypertension, coronary artery disease, left knee osteoarthritis, left hip degenerative joint disease, and obesity. (Tr. 74). The ALJ found none of Claimant's conditions met a listing. Id. As a result of the limitations caused by her severe impairments, Claimant was found to retain the residual functional capacity of lifting carrying, pushing and pulling ten (10) pounds occasionally and less than ten (10) pounds frequently; stand and/or walk for two hours out of an eight hour workday; and sit for six hours out of an eight hour workday. The ALJ also found Claimant would require that she be able to alternate between sitting and standing on an hourly basis without leaving the workstation or going off task. (Tr. 74-75).

After consultation with a vocational expert, the ALJ

determined that Claimant could perform her past relevant work as a payroll clerk. (Tr. 80). Consequently, the ALJ found that Claimant had not been under a disability from January 25, 2021 through the date of the decision. (Tr. 80).

At primary issue in this case is whether the ALJ properly considered the opinions of Dr. Sean Boone, D.O. in arriving at the RFC. Dr. Boone completed a Treating Source Statement – Physical Conditions form on Claimant on two occasions. The first, dated June 24, 2024, stated that Dr. Boone had treated Claimant twice a year since 2018. He diagnosed Claimant with hypertension, chronic peripheral edema, coronary artery disease, vitamin D deficiency, and hyperlipidemia. He estimated Claimant would be "off task" more than 25% of the time and would be able to maintain attention and concentration for less than 30 minutes before requiring a break. Dr. Boone estimated Claimant would, on average, be absent from work more than four days per month. (Tr. 445).

He further opined that Claimant could "rarely" lift and carry less than ten pounds due to left arm weakness, shortness of breath with activity due to "deconditioning", and weakness in the left leg. Dr. Boone found Claimant could sit for four hours in an eight hour workday and stand/walk for one hour in an eight hour

workday. He also stated that Claimant would require a sit/stand option at will. In a narrative statement on Claimant's condition, Dr. Boone stated Claimant standing and walking would aggravate her left arm and leg. He further found Claimant had chronic edema that worsens due to vein grafting for bypass surgery. Dr. Boone asserted Claimant would have to lie down or recline "every couple of hours" in an eight hour workday for 30 minutes. While sitting, Claimant would also have to elevate her legs. She does not require a cane. (Tr. 446).

With regard to Claimant's functional abilities, Dr. Boone found she could "rarely" reach overhead, reach in all other directions, and push/pull with her left arm/hand. She could "occasionally" handle and could "frequently" finger and feel. She could "occasionally" do these tasks with her right arm/hand. Claimant could also "rarely" use foot controls with her left foot and "occasionally" do so with her right foot. (Tr. 447).

Under "postural activities," Dr. Boone found Claimant could "never" climb ladders and scaffolds, crouch, crawl or rotate her head and neck, "rarely" climb stairs and ramps and kneel, "occasionally" balance and stoop. By way of explanation, Dr. Boone stated, "Pt. experiences vertigo + sometimes blacks out when

bending over." (Tr. 448).

As for "environmental limitations," Dr. Boone determined Claimant could "never" climb unprotected heights, moving mechanical parts, experience humidity and wetness, be exposed to dust/odors/fumes/pulmonary irritants, be exposed to extreme heat or vibations. Claimant could "rarely" experience extreme cold and could "occasionally" operate a vehicle. Id.

On February 22, 2022, Dr. Boone completed a second Treating Source Statement – Physical Conditions concerning Claimant. On this statement, Dr. Boone stated he attends Claimant "2-3 times year." Claimant's diagnosed conditions are identified as hypertension, coronary artery disease, scianca, peripheral edema, and hyperlipidemia. Most of the limitations are identical from the first statement until Dr. Boone estimated her ability to use her hands. (Tr. 493-94). He stated Claimant could "occasionally" reach overhead, reach all other, handle, finger, and feel and "rarely" push/pull with her left arm and hand. He found Claimant could "rarely" reach overhead, reach all other, and handle, "occasionally" finger and feel, and "never" push/pull with her right arm and hand. (Tr. 495).

Dr. Boone found Claimant could "rarely" use foot controls

8

with her left foot and "never" do so with her right foot.  He attributed these limitations to diffuse muscle atrophy and range of motion due to non-use.  He stated Claimant was "physically unable to exercise and develop muscle."  Id.

On postural activities, Dr. Boone found in this later statement that Claimant could "never" climb stairs and ramps or climb ladders and scaffolds, could "rarely" kneel, crouch, and crawl, and could "occasionally" balance, stoop, and rotate her head and neck.  In his narrative, Dr. Boone found Claimant had problems with heights and was "to (sic) weak to get up from sitting position." (Tr. 496).

On environmental limitations, Dr. Boone found Clamant could "never" be at unprotected heights, be around moving mechanical parts, or experience extreme heat and cold.  Claimant could "rarely" be exposed to humidity and wetness and dust/odors/fumes/pulmonary irritants and vibrations.  She could "occasionally" operate a vehicle.  Id.

The ALJ included references in some detail Dr. Boone's findings in his two statements in the decision.  (Tr. 77-78).  He concluded, however, that Dr. Boone's opinions were "not persuasive."  His explanation for doing so is vague, non-

descriptive, and cryptic. The ALJ states,

> In this case, there is no indication that the record is ambiguous, unclear, incomplete, only that the record does not support the claimant's own medical sources' conclusion regarding function. The doctor's conclusion is not wholly consistent with the medical record. The observations and diagnoses of the doctor have been detailed in this decision.

(Tr. 80).

The ALJ cites to no evidence in the record to support his wholesale rejection of Dr. Boone's expert treating opinions. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. Soc. Sec. R. 96-8p, 1996 WL 374184 at *7. Soc. Sec. R. rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n. 9 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. *See* Southard v. Barnhart, 72 Fed.Appx. 781, 784-785 (10th Cir. July 28, 2003).

The ALJ's dismissive and unexplained statements regarding the rejection of Dr. Boone's statements are insufficient for this Court

to evaluate the bases upon which such statements rely in other evidence of record. This leads to the conclusion that either the RFC is unsupported or the ALJ's consideration of Dr. Boone's opinions was woefully inadequate. In either event, the matter will be remanded for further explanation of his consideration of Dr. Boone's opinions and their effect upon the RFC.

### Sit/Stand Option

The single limitation set out by Dr. Boone which was apparently adopted by the ALJ in his RFC was the sit/stand option. This Court agrees, however, that the ALJ was required to not only set forth the frequency that the option must be exercised but also the duration. Soc. Sec. R. 96-9p. The duration may have an effect upon the RFC and the level of work Claimant can perform. On remand, the ALJ shall rectify this omission.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings consistent with this decision.

IT IS SO ORDERED this 27th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE